IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

———

No. 23-5173

———

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PHILLIP BARNES,

Defendant-Appellant.

Appeal From a Judgment of the
United States District Court for the
Western District of Kentucky (Louisville)

**SUPPLEMENTAL BRIEF**

The Court has asked the parties to file supplemental briefs addressing the application of the harmless-error standard to the *Erlinger* error in this case, including any interaction this case has with other decisions of the Court, such as *United States v. Campbell*, 122 F.4th 624 (6th Cir. 2024), *United States v. Cogdill*, 130 F.4th 523 (6th Cir. 2025), *United States v. Robinson*, 133 F.4th 712 (6th Cir. 2025) and *United States v. Kimbrough*, 138 F.4th 473 (6th Cir. 2025). In *Cogdill* and *Kimbrough*, the Court found, based on the facts of those cases, that the *Erlinger* error was *not* harmless. Conversely, in *Campbell* and *Robinson*, the Court found, based on the facts of those cases, that the *Erlinger* error was harmless. Barnes' case is factually like *Cogdill* and *Kimbrough*. The *Erlinger* error was not harmless and his sentence must be vacated for resentencing.

It is clear that there was *Erlinger* error in this case because the district court judge, rather than a jury, decided – over Barnes' objection - whether Barnes' predicate convictions occurred on the same, or different, occasions. Post-*Wooden*, the different-occasions analysis under the Armed Career Criminal Act (ACCA) is not limited to an analysis of time/date and place. It encompasses the manner, the character and the

relationship among the offenses, as well as whether the offenses share a common scheme or purpose. As the Court knows, preserved *Erlinger* error is subject to harmless error review. *Campbell*, 122 F.4th at 629-31.[1] To establish harmless error, the government must prove beyond a reasonable doubt through relevant and reliable information in the record that absent the error, any reasonable jury would have found that Barnes' committed the prior predicate offenses on different occasions.

The government did not, and cannot, do that here. The *Erlinger* error is not harmless in this case and Barnes must be resentenced without application of the ACCA.

For starters, the government must rely completely on *Shepard* documents in its efforts to establish harmless error. While the Court has held that *Shepard* documents can be consulted for harmless error review, it must do so with great caution, *Campbell*, 122 F.4th at 632-33; *see also United States v. Thomas*, No. 22-6067, p. 7 (6th Cir. Jul. 2, 2025) (publication pending, opinion by Nalbandian, J.). The Supreme Court in

---

[1] The *Campbell* holding has been criticized and Barnes also argued in his prior briefs to the Court that *Erlinger* error is structural error and not subject to harmless error review. *See Cogdill*, 130 F.4th at 535 (in dissent). Barnes is not abandoning those claims but is confining his remarks in this supplemental briefing to the issues delineated by the Court.

*Erlinger* rejected the notion that *Shepard* documents can be used to establish anything beyond the fact of the conviction and the elements of the offense under the ACCA because of concerns about the accuracy and reliability of *Shepard* documents. *Erlinger v. United States*, 602 U.S. 821, 841-42 (2024). Some members of this Court have expressed profound skepticism about being able to use *Shepard* documents to establish the different-occasions inquiry wholesale without running afoul of *Erlinger* and the defendant's constitutional rights. *Thomas*, at p. 20 (Cole, J., concurring) (noting that where "*Shepard* documents must exceed *Erlinger's* boundaries to achieve the multi-factored analysis required for the ACCA's different occasions inquiry, the error cannot be harmless").

In this case, as noted in Barnes' Principal Brief and Reply Brief, *Shepard* documents were used beyond merely establishing of the fact of conviction and the elements of the offense. The documents were consulted even though the statute of conviction was indivisible and the modified categorical approach should not have applied at all per *Descamps*: the modified categorical approach has no role at sentencing when the statute underlying the conviction is not divisible. *Shepard*

documents were used here to establish the date, location and manner of the offenses. This was not a situation like *Campbell* where the defense admitted at sentencing that the predicates occurred on different dates and at geographically different locations. *Campbell,* 122 F.4th at 632. To the contrary, like the defendant in *Cogdill*, there was no such admission by Barnes. Barnes admitted that he was "guilty of the unenhanced § 922(g)(1) charge" but denied that he had the requisite number of qualifying convictions to implicate the ACCA. *See Cogdill*, 130 F.4th at 529. As noted in the Principal Brief, Barnes was hesitant to agree to the facts of the charged robberies (dates, locations, manner, etc.) at his state court plea hearing. Plus, the defense objected in federal court to using the video of Barnes' state court plea hearing to establish different-occasions because under Kentucky law, the video was not formally incorporated as findings of the state court judge. Under those circumstances, and following *Erlinger's* skepticism that *Shepard* documents can be used wholesale to conduct the different-occasions analysis under the constitution, the error here cannot be harmless.

But, even considering all of the *Shepard* evidence, the *Erlinger* error

was harmful. To remind the Court, at issue for Barnes is whether four counts of Robbery, 1st Degree, in Jefferson County, Kentucky, Circuit Court case number 11-CR-002146 should be treated as one predicate conviction, or four. All four counts were charged in the same charging document in Kentucky state court. According to the presentence report and *Shepard* documents, the robberies were committed on four separate dates in 2008 and 2009, but Barnes was not charged with the robberies until 2011 after his DNA was determined to be at the scene of the robberies. Barnes was arrested on the matters in 2012. Barnes pled guilty to all four counts on the same day and was sentenced for all four counts on the same day to concurrent 10-year prison terms. The four counts of robbery as a "single sentence" under U.S.S.G § 4A1.2(a)(2).

The dates of the offenses, reluctantly acknowledged during the plea colloquy in state court, were 8/6/2008, 8/18/2008, 8/31/2008 and 6/11/2009. All four occurred in and around the city of Louisville in Jefferson County, Kentucky. All four occurred at Family Dollar stores, twice at the exact same Family Dollar store. All four involved Barnes demanding cash with a handgun. The robberies were joined for charging under Kentucky law because they were "of the same or similar character or are based on the

same acts or transactions connected together or constituting parts of a common scheme or plan."

In *Cogdill*, the Court found that the *Erlinger* error was not harmless. At issue in *Cogdill* was whether a June 12, 2014 Tennessee conviction for selling methamphetamine and a September 15, 2014 Tennessee conviction for possession with intent to deliver methamphetamine were committed on different occasions. The Court noted the following and found it was necessary to vacate the ACCA sentence and remand for resentencing: (1) both offenses were committed in the same county; (2) both involved methamphetamine; (3) there was no intervening arrest between the offenses; (4) the guilty plea to both was on the same day; and, (5) though a three month temporal gap was strong evidence of different occasions, it was not enough to prove harmlessness beyond a reasonable doubt. The Court rejected the government's argument that *Campbell* controlled and said that *"Campbell* did not hold that the harmlessness inquiry turns 'singularly' on 'whether the offenses were committed a day or more apart.'" *Cogdill*, 130 F.4th at 531. It said that "no particular lapse of time…automatically separates a single occasion from distinct ones…." *Id.*

Likewise in *Kimbrough*, the Court found *Erlinger* error that was not

harmless.  In *Kimbrough*, the Court held that a reasonable jury could have found that the defendant's two 2016 convictions for burglary were committed on different occasions.  The two burglaries took place within close proximity (2.3 miles) of each other.  Both were burglaries of homes by the same individuals and involved breaking in through a window when people were not home and driving away in the same stolen vehicle.  The record was unclear about the dates of the burglaries but they may have happened 9 days apart, which is not necessarily so long that it establishes "separate" occasions.  There were no intervening arrests.  The defendant pleaded guilty to both burglaries on the same date and the sentences ran concurrent.  As such, the Court held that a reasonable jury could conclude that the burglaries were part of a single criminal event and shared a common scheme or purpose for purposes of the occasions-inquiry under the ACCA.  Notably, *Kimbrough* also highlighted that the fact that there were no intervening arrests between the offenses and that the guilty pleas and concurrent sentences were all on the same day were factors weighing in favor of a finding of a single occasion.

  The same outcome is compelled here.  For Barnes' prior robbery convictions: (1) all four counts were joined in one charging document; (2)

Barnes pled guilty and was sentenced to concurrent terms on all counts on the same days; (3) there were no intervening arrests; (4) three of the four robberies occurred in August 2008, the fourth in mid-2009; (5) all four involved a robbery of Family Dollar stores; (6) all involved a handgun; (7) all involved the theft of cash; and, (8) all four Family Dollar stores were located in Louisville, two of them were the exact same store. The only factor that even arguably suggests different occasions is the timing of the offenses. But the Court has said that when only the timing factor favors the government, there is more than a "theoretical possibility of acquittal" because a properly instructed jury would be told that "'no particular lapse of time or distance between offenses automatically separates a single occasion from distinct ones.'" *Cogdill*, 130 F.4th at 531 (quoting *Erlinger,* 602 U.S. at 841).

The of facts Barnes' case are dramatically different from facts on which the Court has found *Erlinger* error to be harmless. For example, in *Campbell*, the predicate drug convictions spanned eight months, eight hundred miles and two states. The offenses involved different subject matter – possession with the intent to distribute crack cocaine and trafficking in powder cocaine. *Campbell*, 122 F.4th at 632. The *Erlinger*

error was deemed harmless.

Likewise in *Robinson*, the predicates occurred years apart: murder in 1991, possession with intent to distribute hydrocodone near a school in 2013 and possession with the intent to sell heroin in 2017. The Court easily found harmless error on these facts.

In the Court's more recent decision in *Thomas, supra,* harmless error was found when the defendant's first ACCA predicate was aggravated robbery from October 2000; the second predicate was an aggravated assault from December 2007; and, the third predicate was an attempted second degree murder from August 2010. The offenses occurred a decade apart, took place in different locations, different types of locations and involved different victims. The Court noted that the "only unifying theme (of the offenses) is their inherent violence and Thomas's proclivity for violence with a firearm." *Thomas*, at p. 7. It said that the facts in *Cogdill* and *Kimbrough* were "dramatically different" from the facts in *Thomas* and *Thomas* showed "no similar scheme or plan akin to the continuous occasions described in *Wooden*." *Id.* at 8, n. 1.

Barnes' case is also dramatically different from *United States v. Sain*, No. 22-6131 (6th Cir. Mar. 13, 2025) (unpublished opinion), another case

where *Erlinger* error was found to be harmless.  In *Sain*, the predicate offenses occurred in 1990, 1997, 2004 and 2015 in "very different locations," different counties and without anything in the record demonstrating that the offenses had any connection to each other.

To summarize, even with the *Shepard* documents considered, the record here leaves reasonable doubt about whether a properly instructed jury would have found different occasions and a jury reasonably could find that these offenses were committed during a single criminal episode: they were the same offense, committed in the same way, at the same brand of store in the same city and they were charged together, pled together and sentenced together with no intervening arrest.  And this is all without Barnes being able to present additional facts to a jury that may weigh in favor of a single episode, like whether the offenses involved the same victim, the same gun or the same accomplices as part of a single and ongoing scheme.  Authority of the Court in *Cogdill* and *Kimbrough* is that these facts make the *Erlinger* error harmful.

Without the 15-year mandatory minimum ACCA enhancement, Barnes' advisory guideline range was calculated in the presentence report to be 70 to 87 months.  Barnes' sentence must be vacated and his case

remanded for resentencing without the ACCA enhancement.

Respectfully Submitted,

Dated: July 21, 2025

BRITT M. COBB, LAW OFFICES
Attorney for Defendant-Appellant

  s/     *Britt M. Cobb*
_____
Britt M. Cobb (P69556)
3570 E. 12th Avenue, Suite 200, #142
Denver, CO 80206
496 Ada Dr. SE, Suite 201, Ada, MI 49301
(303) 351-1628
britt@brittmcobb.com

CERTIFICATE OF COMPLIANCE

I certify that Plaintiff-Appellant's Supplemental Brief complies with the type-volume limitation. The document consists of 2061 words.

Dated: July 21, 2025

BRITT M. COBB, LAW OFFICES
Attorney for Defendant-Appellant

   s/     *Britt M. Cobb*
_____
Britt M. Cobb (P69556)
3570 E. 12th Avenue, Suite 200, #142
Denver, CO 80206
496 Ada Dr. SE, Suite 201, Ada, MI 49301
(303) 351-1628
britt@brittmcobb.com

## CERTIFICATE OF SERVICE

It is hereby certified that on July 21 2025, service of Defendant-Appellant's Supplemental Brief was made upon opposing counsel by the courts electronic filing system to:

Amanda Gregory
Office of the United States Attorney
Western District of Kentucky
717 W. Broadway
Louisville, Kentucky 40202

|  |  |
|---|---|
|  | BRITT M. COBB, LAW OFFICES |
| Dated: July 21, 2025 | Attorney for Defendant-Appellant |

    s/    *Britt M. Cobb*
_____
Britt M. Cobb (P69556)
Britt M. Cobb, Law Offices
3570 E. 12th Avenue, Suite 200, #142
Denver, CO 80206
496 Ada Dr. SE, Suite 201, Ada, MI 49301
(303) 351-1628
britt@brittmcobb.com